UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:02-HC-382-F(3)

| | |
|---|---|
| TROY ANTHONY WHITE,<br>  Petitioner, | )<br>)<br>) |
| v. | )   **O R D E R** |
| JOSEPH HALL, Administrator of the<br>Harnett Correctional Institute, North<br>Carolina Department of Correction,<br>  Respondent. | )<br>)<br>)<br>)<br>)<br>) |

Troy Anthony White, through his appointed counsel, filed a Response [DE-19] to this court's Order to Show Cause [DE-18] on April 26, 2010. The Government did not file a response, but filed a Suggestion of Subsequently Decided Authority[1] [DE-20] on May 21, 2010. The court finds that White has shown GOOD CAUSE not to dismiss this action as moot, because he has suffered and will continue to suffer collateral consequences as a result of the state convictions underlying this habeas case.

> At all stages of federal judicial proceedings, a habeas petitioner must present a live case or controversy under Article III, § 2, of the Constitution. *Spencer [v. Kemna]*, 523 U.S. [1,] 7 [(1998)]. Under common law, a petitioner no longer in custody can meet this case-or-controversy requirement by demonstrating he suffers from collateral consequences of his prior detention that are "concrete" and " 'likely to be redressed by a favorable judicial decision.' " *Id.* at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 . . . (1990)). The petitioner bears the burden of establishing such collateral consequences. *See, e.g., Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (stating that "for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate . . . that he continues to present a case or controversy under Article III, § 2"); *Qassim v. Bush*, 466 F.3d 1073, 1078 (D.C. Cir. 2006) (same); *Idema v. Rice*, 478 F. Supp. 2d 47, 51 (D.D.C. 2007) ("The petitioner bears the burden of establishing collateral consequences.").

---

[1] The Government supplied to the court a copy of *United States v. Kamalu*, 298 Fed. Appx. 251 (4th Cir. 2008).

*In re Petitioners Seeking Habeas Corpus Relief In Relation to Prior Detentions at Guantanamo Bay*, ___ F. Supp. 2d ___, 2010 WL 1252448 (D.D.C. April 1, 2010). Specifically, White explains, and the Government does not dispute, that his felony convictions prohibit him from voting, holding office, serving as a juror and being licensed to engage in certain businesses and occupations. White points out that he remains obligated to pay the $500,000 fine imposed as part of his judgment of conviction. Furthermore, other collateral consequences attend White's felony convictions, " 'including the possibility that the conviction[s] would be used to impeach testimony he might give in a future proceeding and the possibility that [they] would be used to subject him to persistent felony offender prosecution if he should go to trial on any other felony charges in the future.' " *Spencer*, 523 U.S. at 10, quoting *Evitts v. Lucey*, 469 U.S. 387, 391, n.4 (1985); *see also Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968) ("once the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to the proceedings on [the petitioner's habeas corpus] application").[2]

The court hereby INCORPORATES herein its order of March 26, 2010 [DE-18]. For the reasons stated in that order, the court finds and concludes that the state court's February 8, 2002, Order denying White's Motion for Appropriate Relief was based on an unreasonable determination of the facts pursuant to 28 U.S.C. § 2254(d)(2). The clear and convincing evidence of record rebuts the presumption of the correctness of the state court's factual findings. *See id.* § 2254(e)(1); *Schriro v. Landrigon*, 550 U.S. 465, 473-74 (2007). Consequently, the court declines to adopt the Magistrate Judge's Memorandum and Recommendation [DE-13] rendered in this case on November 12, 2004. Rather, the

---

[2] Although "the mootness doctrine and the 'in custody' requirement relate to the federal courts' subject-matter jurisdiction, the former, of course, derives from the 'case or controversy' language of Art. III, § 2 of the Constitution, while the latter is a statutory prerequisite for the exercise of the habeas jurisdiction conferred . . . by Congress." *Escobedo v. Estelle*, 655 F.2d 613, 615, n.5 (5th Cir. 1981).

Government's Motion for Summary Judgment [DE-7] is DENIED, as the court finds and concludes that White is entitled to judgment as a matter of law.

Accordingly, it is ORDERED, ADJUDGED and DECREED that Troy Anthony White's Petition for Writ of Habeas Corpus [DE-1] is GRANTED. His convictions and the judgments entered thereon in *North Carolina v. White*, No. 96 CRS 7300, No. 96 CRS 77301, and No. 96 CRS 77302, North Carolina General Court of Justice, Wake County North Carolina, Superior Court Division hereby are VACATED pursuant to 28 U.S.C. § 2254(d)(2).

SO ORDERED.

This the 24th day of June, 2010.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge